**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS ARREOLA,

Defendant-Appellant.

No. 99-4161
(D.C. No. 97-CR-67-B-01)
(D. Utah)

## ORDER AND JUDGMENT [*]

Before **TACHA**, **PORFILIO**, and **EBEL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Luis Arreola appeals from the district court's judgment entered following his conviction by a jury on a charge of          possession with intent to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

distribute cocaine. Defendant asserts that the district court erred in allowing the government to introduce testimony regarding secret compartments in a car he did not own and in which no drugs were found in violation of Fed. R. Evid. 404(b). "We review the district court's admission of evidence under [Rule] 404(b) for an abuse of discretion." United States v. Wilson, 107 F.3d 774, 782 (10th Cir. 1997). Finding no such abuse, we affirm.

Testimony at trial established that defendant was under surveillance by Federal Bureau of Investigation (FBI) agents on the violent crimes task force. The agents followed him, his common-law wife, and her two children as they drove from Salt Lake City, Utah to Los Angeles, California, in a Dodge Caravan. The agents lost track of the van in Los Angeles, but California agents located it later at a motel. Agents followed defendant in the van the following morning, but lost it again due to defendant's evasive driving tactics. They followed it again after defendant returned to the motel where he picked up his wife and her children. They returned to Salt Lake City after stops at a church and at defendant's mother's home. While stopped at his mother's home, agents observed another car arrive. The occupants were greeted by defendant, they went into the house and left shortly thereafter carrying a shopping bag. The agents detained the car and discovered a hidden compartment where the shopping bag had been placed. The bag contained $58,001.

After he returned to Salt Lake City, FBI agents stopped defendant as he was driving the van. The rear seats had been removed from the van and were later located at defendant's house. A search of the van pursuant to a search warrant, revealed a secret compartment underneath the area where the rear seats would have been. Nine square packages wrapped in duct tape were found. Each package was determined to contain one kilogram of cocaine. A fingerprint specialist testified that he found five latent prints on the packages, three of which were identified as defendant's.

Defendant testified that he worked for a Mr. Medina taking cars to Los Angeles. He took the van to Los Angeles at Mr. Medina's orders. He was supposed to drive a Suburban back to Salt Lake City, but because it had transmission problems, he ended up driving the van back. He was driving the van to Mr. Medina's house when he was arrested. [1] Defendant testified that he did not know there were drugs in the van. He was not sure how his fingerprints got on the cocaine bricks, but thought he may have moved them when he was looking for some tools in Mr. Medina's shop in Los Angeles. He testified that he did not know about secret compartment in the van. He admitted driving a black Lincoln Mark VII in Salt Lake City.

---

[1] The testimony indicated that Mr. Medina had businesses in both Salt Lake City and Los Angeles, had a shop in Los Angeles, and was physically present in both cities at the same time defendant was in each city.

On rebuttal, an FBI agent testified that he had searched the Lincoln defendant had been seen driving. He found two secret compartments in that car.

Defendant argues that the evidence of secret compartments in the Lincoln was not properly admitted to rebut his contention that he did not know cocaine was hidden in a secret compartment in the van he drove to and from California. The court admitted the evidence to show identity, absence of mistake, and knowledge. See R. Vol. V at 219. The court noted that counsel had opened the door to that admission by positing in his opening statement that defendant was "an innocent dupe" and concluded that the jury must be permitted to understand the whole picture in order to reach a properly reasoned decision. Id. at 220-21.

To determine whether Rule 404(b) evidence was properly admitted, we examine whether the district court properly weighed four factors: (1) whether the evidence was offered for proper Rule 404(b) purposes; (2) the relevance of the evidence under Fed. R. Evid. 401; (3) whether the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) whether, if requested, the district court instructed the jury to consider the evidence only for the purpose for which it was admitted. See Wilson, 107 F.3d at 782. Our review of the record shows that the district court properly weighed these factors.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge